This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

    Plaintiff-Appellee,

**v.**                                                             NO.  29,840

**ANGELIC TRAMMER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Margaret McLean
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals her conviction for Driving While Intoxicated (DWI). We proposed to affirm the conviction in a calendar notice. Defendant responded to our proposed disposition with a memorandum in opposition. We have carefully considered Defendant's arguments, but we are not persuaded that affirmance is not warranted in this case. We therefore affirm.

Defendant was stopped at a sobriety roadblock. Defendant challenges the constitutionality of the roadblock. The constitutionality of a particular roadblock is based on reasonableness, and this Court has provided a number of guidelines for determining the reasonableness of a roadblock. *See City of Las Cruces v. Betancourt*, 105 N.M. 655, 657-59, 735 P.2d 1161, 1163-65 (Ct. App. 1987). The guidelines include the involvement of supervisory personnel; uniform procedures and restrictions on officer discretion; safety to the public; reasonableness of location, time, and duration; indicia that the roadblock is official; advance publicity; and length and nature of the stop of individual drivers. *Id.*

The lead officer for the roadblock testified that he chose a location for the roadblock, set up a plan, and had it approved. The lead officer sent out a media fax regarding the roadblock, and there were signs, as well as lights, along the street that provided warning about the roadblock. [DS 2-3] He briefed his officers on how the

roadblock would be manned, and informed the officers about the purpose and parameters under which they would be operating, including that they had no discretion and all vehicles must be stopped. [DS 3; RP 81] He testified about the planned time span for the roadblock, and the start and end times for the roadblock. [DS 4] The lead officer testified that the discretion of the officers manning the roadblock was limited to the criteria that he laid out at the briefing. [RP 82] The lead officer was present the entire time that the roadblock was in operation. The lead officer testified that the roadblock did not cause congestion and no one had been delayed more than one and one-half minutes. [RP 82]

After the lead officer testified, Defendant argued that the roadblock should be found to be unconstitutional because the lead officer's testimony did not include the length and nature of the detention of drivers or whether the officers were in uniform, and did not explain what the officers were to say to drivers. [RP 82] The district court found that the testimony of the lead officer was sufficient to meet the guidelines outlined in *Betancourt*. Based on the testimony from the lead officer, the district court found that the officers were told that they had no discretion, the officers were provided with limitations regarding the stop of drivers, there was advance notice of the roadblock and it was well-marked, there was no traffic congestion, and the drivers

were not delayed more than one and one-half minutes. Based on the lead officer's testimony, the district court ruled that the roadblock was constitutional. We hold that the district court was correct in determining that the testimony by the lead officer was sufficient to support a finding that the roadblock was reasonable under *Betancourt*.

As pointed out by defense counsel, our calendar notice included information regarding the testimony of a line officer even though the district court ruled on the constitutionality of the roadblock based on testimony from the lead officer. As discussed above, the testimony from the lead officer, by itself, was sufficient to meet the *Betancourt* standard of reasonableness for determining the constitutionality of the roadblock.

Defendant claims that the evidence was insufficient to support her DWI conviction, which was based on Defendant being impaired to the slightest degree. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176; *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the judge to resolve any conflict in the testimony of the witnesses and to determine where the weight and

credibility lies). When Defendant was stopped at the roadblock, she smelled of alcohol and marijuana, she admitted to drinking alcohol and smoking marijuana, she had bloodshot and watery eyes, her speech was slurred, and she did not correctly complete the field sobriety tests. In addition, after a 20-minute period, Defendant's blood alcohol level was .10. There was sufficient evidence to support Defendant's conviction.

For the reasons discussed above and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**ROBERT E. ROBLES, Judge**

**TIMOTHY L. GARCIA, Judge**